## EGOZCUE *v.* BELAVAL.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 75.—Resuelto en febrero 27, 1904.

ACCIÓN PERSONAL—ACCIÓN MIXTA.—Una acción sobre indemnización de daños y perjuicios causados en fincas urbanas, es personal, y para que fuera mixta, sería necesario que la reclamación se extendiera a la recuperación de las fincas mismas, teniendo en ese caso la acción el doble carácter de real y personal.

ID.—COMPETENCIA.—Fuera de los casos de sumisión, en los juicios en que se (*) ejerciten acciones personales es juez competente el del lugar en que deba cumplirse la obligación, y a falta de éste, el demandante puede elegir el del domicilio del demandado o el del lugar del contrato, si el demandado se hallare en él, aunque accidentalmente y pudiera ser emplazado.

### EXPOSICIÓN DEL CASO.

En la competencia pendiente ante nos en virtud de recurso de casación por infracción de ley, interpuesto por la representación de Don José Sastraño Belaval, en diligencias sobre requerimiento de inhibitoria, que promoviera ante el Tribunal de Distrito de Ponce, en el juicio declarativo que le

sigue, ante el de igual clase de San Juan, Don Manuel Egozcue y Cintrón, sobre indemnización de daños y perjuicios, habiendo comparecido ante este Tribunal Supremo, la representación de la parte apelante y de la recurrida.

*Resultando:* que con escrito de fecha veinte de· junio de mil novecientos dos, acudió al Tribunal de Distrito de San Juan, Don Manuel Egozcue y Cintrón, vecino de esta capital, demandando en juicio declarativo a Don José Sastraño Belaval, vecino de Ponce, para que le pagase la cantidad de $2,000, en concepto de indemnización de los daños y perjuicios que le causara en las casas de su propiedad, con motivo de reconstruir el demandado una casa contigua a aquéllas, sin que hasta ahora le haya indemnizado de dichos daños y perjuicios, ascendentes a la referida cantidad de $2,000, a cuyo pago, con las costas, suplicó que se le condenase, expidiéndose cédula de emplazamiento para la citación y emplazamiento de aquél.

*Resultando:* que citado y emplazado Don José Sastraño Belaval para que en el término de veinte días compareciese y contestase la demanda, acudió a la Corte de Distrito· de Ponce, pidiéndole que dirigiera requerimiento de inhibición al de· San Juan, pues en la demanda se ejercitaba una acción personal, y aquella ciudad era el domicilio del exponente; que citó la regla primera del artículo 62 de la Ley de Enjuiciamiento (*) Civil, con arreglo al cual el pago ha de ejecutarse en el lugar designado en la obligación, o en otro caso, en el del domicilio del deudor, no existiendo en el presente la designación a que se refiere dicho artículo.

*Resultando:* que estando conforme el Fiscal con la procedencia del requerimiento, lo acordó el tribunal por auto de 21 de julio de 1902, por considerar que, tratándose en la demanda establecida por Don Manuel Egozcue contra Don José Sastraño Belaval, del ejercicio de una acción de carácter puramente personal y teniendo el demandado su vecindad en Ponce y no habiéndose sometido en dicho asunto a juris-

dicción extraña, era competente el Tribunal del Distrito de Ponce para conocer de él.

*Resultando:* que el actor se opuso a la inhibición, exponiendo que, siendo el objeto del juicio, obtener el pago como indemnización de daños y perjuicios causados en fincas urbanas de su propiedad, radicadas en la capital, y habiéndose declarado por diversas resoluciones, entre ellas, las sentencias del Tribunal Supremo de España de 31 de marzo, 5 de mayo y 15 de diciembre de 1869, que esta clase de demandas, por su naturaleza, participan del doble carácter de real y personal, viniendo a ser, por tanto, una acción mixta la que ejercitaba, y era claro que era potestativo del demandante elegir el tribunal del demandado o el del lugar donde se hallaban las cosas sobre que versaba la controversia, según lo disponía la regla 4ª. del artículo 62 de la Ley de Enjuiciamiento Civil; haciendo referencia a varias cartas, que dice haber recibido del Señor Belaval, en las que éste le ofreció venir a San Juan para reparar aquí—ya indemnizando, ya haciendo las obras de reparación necesarias—los perjuicios que reconocía haber causado, con lo cual (según dice él) queda demostrado que en San Juan y no en Ponce, debe repararse el perjuicio; y haciendo finalmente varias citas de sentencias del Tribunal Supremo de España en apoyo de esta pretensión.(*)

*Resultando:* que el Tribunal de Distrito de San Juan, oído el Fiscal, que emitió dictamen de conformidad con lo solicitado por el demandante, sostuvo su competencia por auto de 30 de agosto de 1902, fundado en los artículos 62, 90, 93 y 94 de la Ley de Enjuiciamiento Civil, y la jurisprudencia del Tribunal Supremo de España; y en que la obligación que se exigía había nacido en San Juan, por ser éste el lugar en donde se habían causado los daños y perjuicios, objeto de la reclamación y que allí debía cumplirse dicha obligación.

*Resultando:* que comunicada esta resolución al tribunal requirente, éste por auto de 18 de septiembre de 1902, desis-

tió de la inhibitoria propuesta, considerando para ello que, desprendiéndose de las actuaciones practicadas en el expediente de referencia, que la obligación ejercitada en los autos, objeto de la cuestión que se ventilaba, había nacido en la ciudad de San Juan, por virtud de daños y perjuicios, era de aceptarse la competencia del tribunal de aquel distrito para el conocimiento de la demanda, respetando así la disposición del artículo 62, regla 1ª. de la Ley de Enjuiciamiento Civil.

*Resultando:* que contra el citado auto se ha interpuesto por la representación de Don José Sastraño Belaval, recurso de casación, hoy de apelación, por infracción de ley, que le fué admitido por el Tribunal de Distrito de Ponce, por auto de 28 de octubre de 1902.

*Resultando:* que entablada así la presente cuestión de competencia, la Corte de Distrito de Ponce admitió la apelación y elevó las actuaciones para la resolución correspondiente a este Tribunal Supremo, en el que se ha dado a los autos la debida tramitación, oyendo al Fiscal.

Abogado del apelante: *Sr. Eduardo Acuña.*

Abogado del apelado: *Sr. A. Alvarez Nava.*

El Juez Asociado Sr. MacLeary, después. de exponer los hechos anteriores, emitió la opinión del tribunal.

*Considerando:* que si bien la obligación que se reclama en (\*) la demanda de que se trata, nace de daños y perjuicios causados en fincas urbanas, y por lo tanto, en bienes raíces, no por eso la acción que se ejercita en dicha demanda deja de ser de carácter puramente personal, y puesto que para que fuera mixta, como pretende el demandante, sería necesario que dicha demanda hubiese sido entablada, no solamente para la reclamación de los daños y perjuicios causados en dichas fincas urbanas, sino también para la recuperación de esas mismas fincas, pues sólo así, la acción que se ejercita, tendría el doble carácter de real y personal, y por lo tanto, de mixta, según la definición que del término "acción mixta," dan los bien conocidos Diccionarios de Leyes de Bouvier y de Black.

*Considerando:* que según las definiciones de los lexicógrafos y la jurisprudencia de España y de América, se verá que aunque la reclamación de daños y perjuicios puede originarse de un daño causado a bienes raíces, esto no convierte la demanda entablada con tal motivo en una demanda mixta; una demanda mixta, hablando estrictamente, siendo una combinación de una reclamación real y otra personal en un mismo proceso, la distinción se refiere más bien a la forma que no al origen del litigio.

*Considerando:* que en el apartado 1º. del artículo 62 de la Ley de Enjuiciamiento Civil, se dispone que en los juicios, en que se ejercitan acciones personales, es juez competente el del lugar en que deba cumplirse la obligación, y a falta de éste, a elección del demandante, el del domicilio del demandado o el del lugar del contrato, si hallándose en él, aunque accidentalmente pudiera hacerse el emplazamiento.

*Considerando:* que en el presente caso, no hay cuestión de contrato, y que con tal motivo, queda eliminada esa fase de la aplicación de la ley de referencia; y la acción, siendo puramente personal y quedando entonces el domicilio del demandado como el lugar en donde debe entablarse esta demanda, conforme a lo prevenido en el artículo 1171 del (*) Código Civil, y la regla 1ª. del artículo 62 de la Ley de Enjuiciamiento Civil.

*Considerando:* que el demandado tiene su domicilio en la ciudad de Ponce, y que consta en los autos, que no se ha sometido en dicho asunto a jurisdicción extraña.

*Fallamos:* que debemos declarar y declaramos corresponder el conocimiento de la mencionada demanda, formulada por Don Manuel Egozcue y Cintrón, a la Corte de Distrito de Ponce, a la que, con la oportuna certificación, se remitan, a los efectos procedentes, todas las actuaciones elevadas a este Tribunal Supremo, con motivo de la presente competencia; comunicándose esta resolución a la Corte de Distrito

de San Juan, y siendo las costas de cuenta respectiva de las partes.

Jueces concurrentes: Sres Presidente Quiñones y Asociados Hernández y Figueras.

El Juez Asociado Sr. Sulzbacher no formó tribunal en la vista de este caso.